Heather M. Burke (SBN 284100)
Jeremy K. Ostrander (SBN 233489)
**WHITE & CASE** LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone:  (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com
jostrander@whitecase.com

Christopher M. Curran (*pro hac vice*)
Peter J. Carney (*pro hac vice*)
**WHITE & CASE** LLP
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
ccurran@whitecase.com
pcarney@whitecase.com

Heather K. McDevitt (*pro hac vice*)
Bryan D. Gant (*pro hac vice*)
**WHITE & CASE** LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
hmcdevitt@whitecase.com
bgant@whitecase.com

Attorneys for Defendant Gilead Sciences, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AIDS HEALTHCARE FOUNDATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GILEAD SCIENCES, INC., *et. al.*, <br><br> Defendants. | Case No: 3:16-cv-00443-WHA <br> Related Case No. 3:19-cv-02573-EMC <br><br> **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12** |

Defendant Gilead Sciences, Inc. ("Gilead") respectfully submits this Administrative Motion inviting the Court to consider whether the following cases should be related under Local Rule 3-12: *AIDS Healthcare Foundation, Inc. v. Gilead Sciences, Inc., et al.*, No. 3:16-cv-00443-WHA (N.D. Cal.) ("*AHF*") and *Staley, et al.* v. *Gilead Sciences, Inc., et al.*, No. 3:19-cv-02573-EMC (together with consolidated actions, "*Staley*").  The *AHF* case is closed, *see AIDS Healthcare Found., Inc. v. Gilead Scis., Inc.*, No. 3:16-cv-00443-WHA, 2016 U.S. Dist. LEXIS 87578 (N.D. Cal. July 6, 2016), *aff'd*, 890 F.3d 986 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 415 (2018), while the *Staley* case was filed in May 2019 and is set for an Initial Case Management Conference on September 5, 2019.

Under Civil Local Rule 3-12(a), "[a]n action is related to another when (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  A party that believes that an action may be related to another action that "is or was" pending in this District "must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11."  Civil L.R. 3-12(b).  That a case is closed does not relieve a party of its duties under Civil Local Rule 3-12. *Dave Drilling Envtl. En'g, Inc. v. Gamblin*, No. 14-cv-02851-WHO, 2015 U.S. Dist. LEXIS 86919, at *18 (N.D. Cal. July 2, 2015) ("plain language" of Local Rule 3-12(b) requires parties give notice of even closed cases if the case meets the requirements of Local Rule 3-12(a)).

In the course of preparing a motion to dismiss the *Staley* action, undersigned counsel (who was not counsel for Gilead in the *AHF* action) has recently come to believe that *AHF* and *Staley* may be related cases within the meaning of Local Rule 3-12(a)(1).  When undersigned counsel raised the issue of relatedness in connection with the initial case management conference statement in *Staley*, counsel for the *Staley* plaintiffs expressed the view that the cases are *not* related.  Out of an abundance of caution, Gilead now files this Motion and submits the following information to assist the Court in considering whether the *AHF* and *Staley* actions are related.

The *AHF* and *Staley* actions may be considered to "concern substantially the same parties,

property, transaction, or event" under Local Rule 3-12(a).  In regard to overlap of parties, the plaintiffs in both *AHF* and *Staley* are allegedly purchasers of HIV treatments and the two cases share three defendant corporate groups (Gilead, Japan Tobacco, and Janssen).  Further, while the two actions are not identical, there appears to be a substantial overlap in factual allegations and claims.  In particular, the two actions appear to contain the following virtually identical allegations—at times using the same characterizations—regarding Gilead's development and commercialization of tenofovir alafenamide ("TAF"):

- Gilead's alleged regulatory "manipulation" by allegedly refusing to release TAF as a standalone product for treatment of HIV, instead choosing to first release TAF as part of a combination product.  *Compare* Amended Complaint in *AHF*, Ex. A to Ostrander Decl. in Supp. of Admin. Mot. ("*AHF* Compl.") ¶¶ 12, 16-17, 22, 105-109, *with Staley* Corrected Consolidated Class Action Complaint, Ex B. to Ostrander Decl. in Supp. of Admin. Mot. ("*Staley* Compl.") ¶¶ 240, 250-251, 290-291.

- Attempts by Gilead and the other defendants to allegedly "game" the regulatory system to protect TAF from generic competition, for instance, by not obtaining an HIV indication for standalone TAF.  *Compare AHF* Compl. ¶¶ 20, 102-117, 157-160, *with Staley* Compl. ¶¶ 288-312.

- Gilead's alleged decision to "shelve" its clinical trials for TAF, in order to obtain a later grant of regulatory exclusivity from the FDA in order to protect TAF from patent challenges.  *Compare AHF* Compl. ¶ 8, *with Staley* Compl. ¶ 211.

- Allegations that, by refusing to bring a standalone TAF product to market initially, Gilead intentionally left HIV patients to bear the greater side effects of Gilead's predecessor product to TAF, tenofovir disoproxil fumarate ("TDF").  *Compare AHF* Compl. ¶¶ 8, 110-117, 123, *with Staley* Compl. ¶ 225, 255.

In addition to the TAF-related factual allegations, the Court may find substantive overlaps between the actions in other respects.  For instance, both cases allege that Gilead's collaborations with Japan Tobacco and Janssen were part of the strategy to protect Gilead's products from generic competition—indeed, this is the core allegation of the *Staley* complaint—and that the collaborations

themselves violated Sections 1 and 2 of the Sherman Act. *Compare AHF* Compl. ¶¶ 161-173, *with Staley* Compl. ¶¶ 499-505, 514-520. Further, while the *AHF* plaintiffs asserted a claim for declaratory judgment of invalidity regarding Gilead's TAF-related patents—a claim that is not in the *Staley* action—both actions characterize the TAF-related patents as "weak" (*AHF* Compl. ¶¶ 11-14, 104-106) or "easily designed around." *Staley* Compl. ¶¶ 294-304. Both actions also refer to Gilead's patent litigation against generic manufacturers regarding TDF, and the existence of "pay-for-delay settlements with generic manufacturers" (*AHF* Compl. ¶ 42) arising from those litigations, including the settlement of litigation between Gilead and Teva challenged in the *Staley* action. *Compare id.* ¶¶ 42 & n.15, 45 *with Staley* Compl. ¶¶ 313-360.

Finally, both actions assert violations of Sections 1 and 2 of the Sherman Act, California's Cartwright Act, and violation of state unfair competition laws (the *AHF* complaint asserts violation of California and Nevada unfair competition laws while the *Staley* complaint asserts violation of the unfair competition and antitrust laws of 36 states). *Compare AHF* Compl. ¶¶ 154-202, *with Staley* Compl. ¶¶ 439-466, 476-483, 493-543.

Local Rule 3-12(a)(1) does not require related cases to contain identical allegations, only that they be substantially the same. *See, e.g.*, *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, Nos. 14-cv-1130 SC, 14-4365 SC, 2015 U.S. Dist. LEXIS 94997, at *38 (N.D. Cal. July 20, 2015) (relating cases involving "substantially the same matter" despite "slightly differing parties" and "a differing underlying FOIA request"); *In re Leapfrog Enters., Inc. Sec. Litig.*, No. 03-cv-5421 RMW, 2005 U.S. Dist. LEXIS 44899, at *3-6 (N.D. Cal. July 5, 2005) (relating cases involving different plaintiffs that "name the same defendants, make similar factual allegations, and seek redress for violation of the same sections of the Securities and Exchange Act"); *Pepper v. Apple*, No. 11-cv-06714-YGR, 2019 U.S. Dist. LEXIS 143264, at *5-7 (N.D. Cal. Aug. 22, 2019) (relating cases involving different plaintiffs and business relationships with defendant where the cases stemmed from same "economic structures"). The *AHF* and *Staley* actions may meet that standard with regard to the overlapping allegations and claims described above.

Relating these cases may also be considered to avoid "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges" under

- 4 -
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
PURSUANT TO CIVIL L.R. 3-12
CASE NO. 3:16-CV-00443-WHA / RELATED CASE NO. 3:19-CV-02573-EMC

1  Civil Local Rule 3-12(a)(2). The Court in *AHF* already analyzed and considered the TAF-related

2  allegations and other allegations and claims common to both actions. *See AHF*, No. 3:16-cv-00443,

3  2016 U.S. Dist. LEXIS 87578, at *23 (holding that Gilead, like any other company, is entitled to

4  bring its improved products to market "'whenever and however it chooses'") (quoting *Foremost*

5  *Pro Color, Inc. v. Eastman Kodak Co.*, 703 F.2d 534, 545 (9th Cir. 1983)). Given the time and

6  effort that the Court has already expended, relating *AHF* and *Staley* may potentially conserve

7  judicial resources. *See, e.g.*, *Pepper*, 2019 U.S. Dist. LEXIS 143264, at *7 (relation of cases

8  appropriate to avoid "unnecessary duplication of *judicial* effort and resources") (emphasis in

9  original).

10  Because *AHF* and *Staley* may be considered to contain substantively similar allegations and

11  claims, and because relating the cases may conserve judicial resources, Gilead respectfully invites

12  the Court to consider relating the two cases.

13  Dated: August 30, 2019

15  By:    /s/ Jeremy K. Ostrander
       Heather M. Burke (SBN 284100)
16     Jeremy K. Ostrander (SBN 233489)
       **WHITE & CASE LLP**
17     3000 El Camino Real
       2 Palo Alto Square, Suite 900
18     Palo Alto, CA  94306-2109
       Telephone:  (650) 213-0300
19     Facsimile: (650) 213-8158
       hburke@whitecase.com
20     jostrander@whitecase.com

21     Christopher M. Curran (pro hac vice)
       Peter J. Carney (pro hac vice)
22     **WHITE & CASE LLP**
       701 Thirteenth Street, NW
23     Washington, District of Columbia 20005-3807
       Telephone:  (202) 626-3600
24     Facsimile: (202) 639-9355
       ccurran@whitecase.com
25     pcarney@whitecase.com

26     Heather K. McDevitt (pro hac vice)
       Bryan D. Gant (pro hac vice)
27     **WHITE & CASE LLP**
       1221 Avenue of the Americas
28     New York, New York 10020
       Telephone: (212) 819-8200

- 5 -
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
PURSUANT TO CIVIL L.R. 3-12
CASE NO. 3:16-CV-00443-WHA / RELATED CASE NO. 3:19-CV-02573-EMC

Facsimile: (212) 354-8113
hmcdevitt@whitecase.com
bgant@whitecase.com

Attorneys for Defendant Gilead Sciences, Inc.